**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2010

CARLA A. CLEHM, formerly Blankenship,

Plaintiff – Appellant,

v.

BAE SYSTEMS ORDNANCE SYSTEMS, INC.,

Defendant – Appellee,

and

BAE SYSTEMS, INC.; BAE SYSTEMS, PLC; JOSHUA LINKOUS,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:16-cv-00012-MFU-RSB)

Argued:  September 18, 2019                         Decided:  September 30, 2019

Before KING and KEENAN, Circuit Judges, and Joseph R. GOODWIN, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:**  Terry Neill Grimes, TERRY N. GRIMES, ESQ., PC, Roanoke, Virginia, for Appellant.  Frank Kenneth Friedman, WOODS ROGERS PLC, Roanoke, Virginia, for Appellee.  **ON BRIEF:**  Brittany M. Haddox, GRIMES & HADDOX, P.C., Roanoke,

Virginia, for Appellant. Victor O. Cardwell, Thomas M. Winn, III, Brooks A. Duncan, WOODS ROGERS PLC, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiff in these proceedings, Carla A. Clehm, is an employee of defendant BAE Systems Ordnance Systems, Inc., a federal defense contractor that operates the Radford Army Ammunition Plant (the "Radford Arsenal") located on the New River in western Virginia. On two occasions, in May and June of 2014, Clehm was sexually assaulted during her shifts at the Radford Arsenal by a co-worker, defendant Joshua Linkous. According to BAE, Clehm did not report those assaults to BAE or her union at or near the time the assaults occurred, and BAE did not learn of the assaults until early August 2014, when Clehm was interviewed as part of an investigation of Linkous's sexual assault of another employee. The investigation revealed to BAE that Linkous had sexually assaulted at least four female Radford Arsenal workers, including Clehm, over a period of several years. BAE had promptly suspended Linkous and barred him from entering the Radford Arsenal property pending the investigation, and BAE then terminated Linkous's employment and successfully resisted a union grievance seeking his reinstatement. Linkous subsequently pleaded guilty to federal criminal charges related to the sexual assaults and is serving a fourteen-year prison sentence.

Since being sexually assaulted by Linkous, Clehm has suffered from serious health conditions, including migraine headaches, depression, and panic attacks. With BAE's cooperation, Clehm has periodically taken leave from the Radford Arsenal, sometimes unpaid. She has encountered other problems such as the discontinuance of her health insurance and the assessment of disciplinary points for excessive absences, but she has sought and obtained BAE's assistance to correct those problems. Meanwhile, at work at

3

the Radford Arsenal, Clehm has experienced various incidents of harassment by co-workers who have grabbed her, subjected her to sexual and profane comments, berated her for "putting a man in prison and taking him away from his family," complained that Clehm created a hostile work environment, and objected to working alongside her. In response to reports of those incidents, BAE has disciplined the harassers and made known that it would not tolerate any refusal to work with Clehm. The record reflects that BAE has received no report of Clehm being harassed after September 2016, that her last leave from the Radford Arsenal ended in November 2016, and that BAE has acceded to Clehm's request for a particular job assignment.

After exhausting her administrative remedies, Clehm initiated this civil action in the Western District of Virginia against BAE and Linkous. Her operative Second Amended Complaint of December 16, 2016, alleges four claims: a Title VII hostile work environment claim (Count I); a Title VII retaliation claim (Count III); a state assault-and-battery claim (Count II); and a state negligent retention claim (Count IV).[*] BAE is named in all four counts and Linkous in solely Count II. For reasons explained in its Memorandum Opinion of December 4, 2017, the district court awarded summary judgment to BAE on the claims against BAE. *See Clehm v. BAE Sys. Ordnance Sys., Inc.*, 291 F. Supp. 3d 775 (W.D. Va. 2017). Thereafter, the court conducted a jury trial on the issue of damages as to the assault-and-battery claim against Linkous. On August 27, 2018, in accordance with

---

[*] Count IV included an allegation of negligent hiring, in addition to negligent retention, but Clehm later abandoned the negligent hiring theory.

4

the jury's verdict, the court entered judgment against Linkous and in favor of Clehm in the sum of $750,000 ($500,000 in compensatory damages and $250,000 in punitive damages). Clehm then timely noted this appeal from the court's summary judgment award to BAE, invoking final order jurisdiction under 28 U.S.C. § 1291.

We have carefully examined the record, including the disturbing evidence of the sexual assaults and other workplace harassment that Clehm has endured, as well as some shocking evidence of what Clehm has described as a "generally sexualized work environment" at the Radford Arsenal. *See, e.g.*, Br. of Appellant 24-25; *see also Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 276 (4th Cir. 2015) (en banc) (explaining that "[w]e review de novo a district court's award of summary judgment, viewing the facts in the light most favorable to the nonmoving party"). Like the district court, however, we are constrained to conclude that the evidence is insufficient to establish BAE's liability to Clehm for a hostile work environment, retaliation, assault and battery, or negligent retention.

With respect to her hostile work environment claim, Clehm has not made the showing — required because she was sexually assaulted and harassed by her co-workers, rather than supervisors — that BAE "knew or should have known about the harassment and failed to take effective action to stop it." *See Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 333-34 (4th Cir. 2003) (en banc) (describing circumstances in which employer may be liable in negligence under Title VII for harassment perpetrated by victim's co-worker); *see also Vance v. Ball State Univ.*, 570 U.S. 421, 431-32 (2013) (clarifying that a harasser who simply possesses "the ability to direct [the victim's] labor," and who is not

5

empowered by the employer "to take tangible employment actions against the victim," constitutes a co-worker for purposes of Title VII). Similarly, in connection with her retaliation claim, Clehm has not demonstrated that her co-workers' retaliatory harassment is imputable to BAE, nor has Clehm established that BAE subjected her to any other adverse employment action. For example, Clehm asserts that she was constructively discharged by BAE, but that assertion is belied by the fact that Clehm has remained a Radford Arsenal employee. *See Green v. Brennan*, 136 S. Ct. 1769, 1777 (2016) (recognizing that constructive discharge claim requires proof that plaintiff "actually resigned").

Turning to Clehm's state law claims, the assault-and-battery claim fails under the Supreme Court of Virginia's test for respondeat superior liability, for lack of evidence that Linkous sexually assaulted Clehm "within the *scope of the duties* of [Linkous's] employment and in the execution of the *service* for which [he] was engaged." *See Parker v. Carilion Clinic*, 819 S.E.2d 809, 821 (Va. 2018) (internal quotation marks omitted). And finally, the negligent retention claim fails for insufficient evidence that BAE "knew or should have known" prior to the sexual assaults that Linkous "was dangerous and likely to harm" Clehm or other co-workers. *See Se. Apartments Mgmt., Inc. v. Jackman*, 513 S.E.2d 395, 397 (Va. 1999).

In these circumstances, we must affirm the district court's award of summary judgment to BAE.

*AFFIRMED*

6